We will now hear argument in the case, and I'm probably going to pronounce this wrong, Tsosie v. N.T.U.A. Wireless. You'll tell me how to pronounce the name, right? I will. I hope so. Good morning. Good morning. May it please the Court, my name is David Jordan. I represent Valina Tsosie. Tsosie? Tsosie. The T is silent. Okay. Tsosie. Okay, thank you. We have brought this appeal to challenge the District Court's decision that she inadequately identified N.T.U.A. Wireless LLC in her EEOC charge. I would like to reserve two minutes for rebuttal. I will watch the time. Our position is twofold. One, by denying at the pleading stage, the District Court never engaged in an inquiry to determine whether N.T.U.A. Wireless was actually prejudiced, whether it had actual knowledge of the pendency of the charge, whether it had an actual opportunity to participate in conciliation efforts. The only thing the District Court had in front of it was the bare identification of the entity, and the entity was identified incorrectly. It was identified as a DBA instead of its own LLC. Counsel, let me just, so we narrow this properly. Certainly, sir. You only presented arguments responding to the third and fifth Tsosie exceptions. Do we correctly gather from that that you are conceding that none of the other three exceptions apply? We're focusing on the two exceptions you're identifying. You're saying the others don't apply. Correct, sir. Okay. All right. Thank you.  May I continue? Thank you. Our position is that had the court continued and actually made a factual inquiry, at least it would have created a record to determine whether there was actual knowledge by N.T.U.A. Wireless and an actual opportunity to participate in conciliation. The Ninth Circuit has numerous times stated that the charges are to be liberally construed. And there have, in fact, found many cases where the party was not identified in the charge at all. But they could have been reasonably inferred had they reviewed it. They would have known that they were parties. Does that liberal standard for reviewing the pleadings, does that apply if the person is represented by counsel? It does sometimes. But there are many cases where that is not identified as a factor. We cited the Wrighton case, which is a Ninth Circuit case, where they didn't identify that as a factor at all. They simply said EEOC charges should be construed liberally. Title VII charges can be brought against persons not named in an EEOC complaint. They didn't identify whether they were represented by a lawyer as a factor at all. So sometimes that's identified as a factor, but frequently it is not. And one of the reasons is because the purpose of the whole process is to make sure that the party has an opportunity to participate in conciliation and has notice. Our position is if the district court had actually denied without prejudice the motion to dismiss and allowed the parties to develop the record, the court would have found that, in fact, the person who engaged in the sexual harassment, Walter Haas, was on the board of directors of NTUA Wireless and was the general manager of NTUA. So the individual who was identified was a controlling person for both entities, both the parent and the child entity. At the time the charge was filed? I thought when I was reading the chronology that Mr. Haas had these positions perhaps a year. Wasn't the charge filed in 2022 and he became general manager and went on the board in 2023? I may have that timeline incorrect. No, that is incorrect. He's been general manager for NTUA for several years and continues in that position today. He had been on the board of directors up until, as I recall, March or about two weeks after this incident, he was removed from the board of directors of NTUA Wireless. But when the incident happened, he was on the board of directors of NTUA Wireless and was general manager of NTUA, both. Is that your hook, if you will, for substantially identical for purposes of the third SOSA prong? Yes, sir. Okay, but you don't have any other evidence about ownership interests in either entity? NTUA, yes, I do. NTUA is one of the two partners that formed NTUA Wireless, ComNet Wireless being the other partner. So there was an LLC with two members. ComNet Wireless and NTUA. So there is a commonality of ownership that NTUA was one-half owner of NTUA Wireless. And its general manager served on its board of directors. And the general manager who served on the board of directors was the offender who, in fact, assaulted my client at a meeting here in Phoenix. Okay, so from your perspective, the record already shows the common ownership. They would have clearly been aware of all this. Yes, sir. There is no doubt they would have been aware of it. And we believe the district court engaged in a rather circumstantial review by just looking at how the name was identified. And the only mistake in the name was that she identified as a DBA and not an LLC. So our position is that there is very little way that NTUA Wireless could not know that it was a part of this case based on the way the charge was. The charge was identified against NTUA Wireless. Yes, it said it was a DBA. It then identified that one member of its board of directors, who was also general manager of NTUA, was one of the members, was the assaulting party. And so our position is that the district court erred by not allowing the case to go forward at that point. The purposes of the EEOC Title VII guidelines and laws were satisfied in this case. They had the opportunity to participate in conciliation. They had the opportunity to try to settle the case, to learn and to participate in the investigation. And so really we believe that everything that they should have had in this case, they in fact had. Counsel, I think that you're simplifying the error in the charge document. I think you just said the only thing that was wrong was that the correct entity was listed as doing business as a DBA rather than the direct entity. But even the DBA name that was given is wrong. It says Choice NTUA Wireless, which is not the actual entity that is identified in the briefing and in the caption of this case. So does that not matter? I believe it does not matter. I believe that NTUA Wireless had adequate knowledge based on this. And more to the point, Your Honor, okay, so I understand that there's an issue with the identification of the entity in the name block. But the actual identifying party, the person who was involved in this, if you read it, you cannot conclude but that this is the person who is on the board of directors of NTUA Wireless LLC. And this is the person who caused the infraction. Does it not matter at all that the person who fills out this charge, your client, was the general manager and CEO of this entity that was so sort of inexplicably misidentified? That is a factor, but it is not a determinative factor. In our position, the overriding factor is whether or not the purposes of EEOC law and guidelines were satisfied in this case. Whether they had notice, whether they had the opportunity to participate in conciliation, whether the process of investigation was hindered by the misidentification. And we believe that there's no possible set of facts where you could say that that process was hindered by this. Like I said, Your Honor, there are cases where the person who was left in by the Ninth Circuit was not identified at all in the charge. But they found that by reading the charge, they could not — they reasonably could conclude that they were a part of it. Again, we point to the Wrighton case, where the Court found that somebody not identified at all in that reading it would realize that they were a part of it. I see that my time is up, and I'd like to reserve two minutes. Thank you. All right. So Mr. Montagnini, is that correct? That's correct, Your Honor.  Good morning, Your Honor. Again, Josh Montagnini with Mason & Isakson for the Appellee, N2A Wireless, and Walter Haas. No matter how Appellant spins this DBA name, and no matter which standard we apply, utmost liberality or plain meaning of the charge, N2A Wireless was deprived of its opportunity to participate in the EEOC proceedings below. There was no investigation that involved it, and there was no conciliation proceedings. Furthermore, no matter which standard we apply, Appellant conceded in briefing below that she should have known the right name of the company that she ran. Counsel, if we said this back and the discovery proceeded, what kind of evidence would you try to gather that would show that N2A Wireless did not have notice and to participate in the EEOC conciliation efforts? I believe, Your Honor, just the evidence that's already in the record, the right-to-sue letter and the EEOC charge. Neither of those documents identify N2A Wireless. Neither of those documents have any indication that they were sent to N2A Wireless. Okay, but understand, this is not a huge world. You've got a small world of people. They know each other. The charging person, I gather, was the general manager. The accused person was on the board of directors. Everybody knows everybody. It's hard for me to imagine that this wasn't common knowledge. So what I'm asking you is, if discovery were to commence, what would you seek to prove that they didn't know, that you didn't know? Well, so we'd be in the position of proving a negative. And in that sense, the absence of evidence would speak volumes, as it does here today as well, and it did before. But it would just be probably correspondence showing that N2A Wireless didn't know about it, or even if they had, the charge itself doesn't identify them. And that's why I keep coming back to the record that we do have in front of us. I guess what I struggle with, and I hope you can help me, as my colleague has earlier noted, and I think your opposing counsel has concurred in, you don't need to have a pro se person to have the EEOC requirements liberally construed. So if we take that as a given, you've got people who know each other, dealing with common situations, you've got a small group of people, why isn't it commonsensical to let this go forward, rather than stand on a legal technicality which is very different than other parts of the law? The EEOC is designed to get a resolution, let people talk, try to get it resolved without litigation. But in this case, that didn't happen. Why isn't that the better construction in this case? For two reasons, Your Honor. One is that it's not a small universe. These people don't all know each other. ComNet Wireless LLC is a completely separate company from anything alleged in the complaint. I understand they work together on occasion? There's nothing in the record or the complaint. Or the person is accused of assaulting the other person. Right, but there's nothing in the complaint that identifies ComNet Wireless at all. They are a separate entity. And then the problem here that we have is the appellant made a technical mistake that had a substantial and material consequence, and that is misidentifying N2A Wireless. What they are doing at this point still, and from the beginning of this case, is a steadfast refusal to acknowledge that ComNet Wireless is not ComNet NUCO. There's nothing in the complaint to show that these people worked together, had any commonality at all. There's no commonality of ownership. And if we look at paragraph 6 of the amended complaint on ER 13. Can I interrupt you for a moment? Yes, Your Honor. Even if we agree with you that the wrong entity was named in the EEOC charge, it still seems that granting a 12 v. 6 motion to dismiss may have been in error if that's not, let me back up a moment, because there are exceptions that can apply. Right, so to conclude on a motion to dismiss that none of these exceptions apply, that would have to be clear from the face of the complaint and perhaps incorporated documents. I understand the charge was attached, so the district court considered the charge. And I know your friend on the other side argued pretty passionately that these exceptions apply, but do we even have to decide that? Is it just enough that there's a factual dispute as to whether the exceptions apply, in which case it shouldn't have been dismissed under 12 v. 6? Maybe it's a summary judgment motion later. No, Your Honor, because there's not a factual dispute. There's not a factual dispute just because the appellant says there is. The record is clear. There is no substantial identity between ComNet Wireless and NTUA Wireless. ComNet Wireless has no connection to NTUA Wireless, and we know that because of the complaint. That might go to exception 3, which is the named entity is substantially identical to the unnamed entity. That argument seems to go to that one, but it doesn't go to the fifth exception, which is unnamed party had notice or the opportunity to participate. That's the one where, based on all the relatedness, and I understand you're trying to say that there's different entities, but we do have individuals who are participating in the different entities. And given that is set out in the complaint, going back to Judge Beatty's question, why wouldn't we just say, well, this is premature? I have no idea if you're ultimately going to be able to prove exception 5 or not, but maybe you should have a chance to put on evidence because this is the defendant's burden on this kind of a defense. The plaintiff doesn't have an obligation to affirmatively plead around it. Correct, Your Honor, and I'm not suggesting they do. But as to that fifth element regarding the unnamed party having notice and participating in the EEOC conciliation efforts, they have, first of all, ComNet Wireless is not alleged anywhere in the complaint to have any connection to NTUA Wireless. And plaintiff has had three opportunities to allege or even just put in a brief, in a response brief to the motion to dismiss, a suggestion that there would be, that there are any facts that support the conciliation occurred. They've had that opportunity. When we were below, the parties had to certify that the issue raised in the 12B6 motion could not be cured by further amendment. And that's important because the complaint, the amended complaint, any future amendments that might have occurred after that but didn't, that governs the scope of discovery going forward. It puts guardrails on that. The plaintiff could only seek to prove what's in the complaint. And they have told us, they've told the district court, this is it. What we allege in paragraphs six and seven about the identity of the parties and exhaustion of remedies, that's it. There's no allegations or, again, even an argument put in a brief to say there was conciliation. They've had that opportunity multiple times to say. I gather you take the position that the failure to satisfy the fifth social exception was clear on the face of the complaint. Is that correct? Yes, Your Honor. The complaint understood to include the charge and the right to sue letter. Absolutely. And it's not because the plaintiff below failed to allege enough facts. It's because the facts that they allege, taken in light of the charge, show that she exhausted her remedies against ComNet Wireless LLC and then filed a complaint that says absolutely nothing about ComNet Wireless LLC, no connection at all between that company that she exhausted her remedy against and the defendant, the appellee here today. And appellant relies heavily on three cases to show that, to make the argument that under the utmost liberality standard that N2A Wireless got notice and she exhausted her administrative remedies against them. The first one is Wengler v. Hawaiian Electric Company. Another one is, of course, SOSA, which sets the standard that we're working under. But in both of those cases, there is a fact pattern that's completely different from here. In both of those cases, the plaintiff appellant identified their employer correctly. They weren't specific as to the identities of the individuals that allegedly discriminated against them. But in Wengler, she just said that she had been sexually harassed. And I was in the charge. The charge proceeded against the employer at the administrative stage. There was an investigation and conciliation. Then when she filed the complaint, she identified the same employer and then the supervisors that harmed her by name. The same thing happened in SOSA. The charge named the state center community college district and alleged harm by its administrators. It didn't name them individually. Then when she filed her complaint, she named that same employer and named the administrators by name. So in both those cases, when the defendant moved to dismiss for exhaustion of administrative remedies, their only argument was, hey, you didn't name our employees specifically by name. And the Ninth Circuit appropriately reversed that dismissal when the district court granted it. Slightly different situation in Eggleston. This shows going to the fifth factor, the substantial overlap between the charged party and the party that was sued. In that case, Local 130, a local union, was named in the charge, but not the Joint Apprenticeship Committee that actually was later alleged to cause the harm. In that case, five of the ten people on the board of the committee were serving as officers of the local union. The coordinator for the committee had been an officer of Local 130 for 15 years. There was a record of conciliation and a close relationship between the parties. Nothing like that is here or has been alleged here. Now, I'm not saying it has to be alleged in the first instance, but when a party makes an appropriate motion to dismiss and uses as evidence the complaint and the charge and the right to sue that demonstrate that defense, there is an obligation to make some kind of response. I see my time is up. Let me ask my colleague whether either has additional questions. I think not. Thank you very much. Thank you. So, Mr. Jordan, you have a little rebuttal time. Thank you. So the fundamental flaw in Apelli's argument is that we do not have a duty in the complaint to anticipate and negate every possible affirmative defense. That's just not the way pleadings work. In an affirmative defense, the burden of proof falls on the defense to establish the affirmative defense that they're establishing. They never even filed any answer in this case. Had they gone to that proceeding, and, Your Honor, to address your question directly, they would have found out that Choice Wireless's board of directors were sitting at the table and watched the assault take place. Your statement that everybody knows each other, this is a small group, is absolutely spot on. They watched the assault. They knew that the assault happened. They knew who Walter Haas was when he was engaging in the assault. They knew that this matter was going on. So, Your Honor, our position in this case is you're dead on. They do, this is a small, the Navajo Nation is a small group of people. They all know each other. Walter Haas has been in this position for at least a decade, to my best recollection. And so, in this case, their position seems to be when we told them we were going to file a motion to dismiss, they had a duty to amend their complaint to allege every possible fact and negate our affirmative defense in their complaint. Let me ask you this, counsel. At the time of the motion on their part, did the defendants indicate the names of the proper defendants from their perspective? Did the defendants indicate the name of the proper defendants? In other words, they said you alleged X. Right. They said, no, it's Y. Did they do that at the time of the hearing? Yes. If I understand your question correctly, yes, I think they did. Okay. And so if they did, did the court give you a chance to amend your complaint to allege Y rather than X? I guess I'm just not understanding your question. In other words, what I'm trying to find out is your opponent is saying you sued the wrong people. But at the time of the motion the district court heard, I guess you just confirmed that the defendants said you named X. It should have been Y. So my question is, if that were the case, did you have an opportunity to amend your complaint to allege that, in fact, the correct party was Y? So to the question, did we have the opportunity to amend, the answer is yes. But more directly – Now it goes back to the EOC, but I'm just – Right. It goes back to the EOC. The EOC charge at that point was static. Right. I mean, we couldn't change how the EOC complained. Right. So our position was the EOC adequately put them on notice that these were going to be the parties in the case. Okay. All right. If we're out of time, let me ask my colleagues additional questions. All right. Thank you both for your argument in the case. Just heard Trucy v. NTUA Wireless. That case is now submitted.
judges: SMITH, BADE, FORREST